MELVIN, WOODROW M., Associate Judge.
The appellants were plaintiffs and the appellees were defendants in the trial court. They will be identified here as in the trial court.
The plaintiffs appeal from an adverse judgment entered in their suit for cancellation of a deposit receipt contract for the purchase and sale of real property and the return of the deposit paid in accord with the contract.
Plaintiffs assert entitlement to recover the deposit money because of their contention that the defendant-sellers failed to provide marketable or insurable title, and further, the existence of an alleged material variance in the terms of a third mortgage from those reflected in the deposit receipt contract.
The plaintiffs allege that they are Jews, members of the Semitic branch of the Caucasian race. The abstract furnished by the defendants reveals that in 1962 a deed was placed of record containing a covenant that applied to all of the subdivision — ran with the land — and such covenant purported to prohibit the sale, use, or occupancy of any lot or portion thereof “by any person of the Semitic branch of the Caucasian race”. The covenant *454 further purported to provide that breach thereof would be a nuisance, subject to suit in equity for relief and for stipulated damages.
The race restriction clause objected to by the plaintiffs is void. See Shelley v. Kraemer, 1948, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 and Harris v. Sunset Islands Property Owners, Inc., Fla.1959, 116 So.2d 622. See also Jones v. Alfred H. Mayer Co., 1968, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189.
The contract under consideration contains a further provision as follows:
“The seller agrees to convey title free and clear of all encumbrances except restrictions of record common to the subdivision and easements for drainage, anchors and for public utilities in existence or shown by the plat or a matter of record and free and clear of all other encumbrances except as specifically set forth in the contract * * *.” (Emphasis ours.)
The parties must be considered as having agreed that such a restriction of record that was common to the subdivision, would not constitute a proper exception to the title if the title was otherwise “good and marketable or insurable”.
The plaintiffs alleged that defendants’ title was not “good and marketable or insurable” as provided by the contract. The defendants furnished abstract of title. There was no evidence presented that the title was not good and marketable or insurable. To the contrary, evidence in behalf of the defendants was to the effect that title insurance was available but the plaintiffs on day of closing took the position that they would not under any circumstances purchase real estate that had been restricted against their race.
The trial judge found against the plaintiffs on the further issue of alleged variance as to a third mortgage and the record sustains such finding.
We find no error and affirm the judgment appealed from.
CROSS, C. J., and OWEN, J., concur.